IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ENIO MONZON-ALVARADO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL NO.: WDQ-13-0041

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

The City of Salisbury Police Department ("SPD") moved to quash or modify a subpoena. ECF No. 34. No hearing is necessary. Local Rule 105.6 (D. Md. 2012). For the following reasons, the motion will be granted.

I. Background[1]

Enio Monzon-Alvarado is a citizen of Mexico. ECF No. 13 ¶ 6. On March 3, 2007 at around 10:00 p.m., a car was struck by a 1995 Honda -- driven by Monzon-Alvarado -- which had crossed the center line. ECF No. 38, Ex. B at 16. The Honda then rear-ended a parked van. *Id.* The Honda left the scene and turned onto another street. *Id.* at 16-17. Salisbury Police Officer James Russell stopped his car, turned on the emergency lights,

---

[1] These facts are taken from correspondence about Monzon-Alvarado's rearraignment and the factual basis for his plea, and from the plea agreement of his prior state conviction. ECF No. 13; ECF No. 38, Ex. B.

drew his gun, and four times ordered Monzon-Alvarado out of the Honda. *Id.* at 17. Monzon-Alvarado accelerated toward Russell, forcing him to jump out of the way to avoid being struck. *Id.* The Honda stopped nearby, and Monzon-Alvarado was taken from the car and handcuffed. *Id.* The officers noted a strong odor of alcohol, and Monzon-Alvarado later stated that he had consumed 10 to 12 beers before driving. *Id.* at 18. Monzon-Alvarado was not licensed to drive in Maryland or any other state. *Id.* On August 6, 2007, Monzon-Alvarado, pursuant to a plea agreement, pled guilty to second-degree assault, driving while under the influence of alcohol, leaving the scene of an accident, and driving without a license. ECF No. 38, Ex. B at 5.

On February 11, 2008, Monzon-Alvarado was deported. ECF No. 13 ¶ 6. Following his deportation, he was found in the United States. *Id.* Monzon-Alvarado reentered the United States after his deportation without permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security. *Id.*

On January 31, 2013, Monzon-Alvarado was indicted for reentry into the United States in violation of 8 U.S.C. § 1326(a). ECF No. 1. On April 15, 2013, Monzon-Alvarado pled guilty. ECF No. 14. He is scheduled to be sentenced on November 15, 2013. On August 2, 2013, Monzon-Alvarado petitioned for a subpoena requiring the Salisbury Police

Department to produce all disciplinary records of James Russell, the police officer who stopped Monzon-Alvarado on March 3, 2007. ECF No. 21 (sealed). On August 5, 2013, the Court issued the subpoena. ECF No. 23 (sealed). On September 23, 2013, the Salisbury Police Department moved to quash or modify the subpoena. ECF No. 34. On October 7, 2013, Monzon-Alvarado opposed the motion. ECF No. 35.

II. Analysis

   A.   Legal Standard

Fed. R. Crim. P. 17(c) governs the issuance of subpoenas in federal criminal proceedings. Under Rule 17(c), a district court may quash or modify the subpoena if compliance would be unreasonable or oppressive. Fed. R. Crim. P. 17(c)(2). To be reasonable, the moving party must show that: (1) the items sought are evidentiary and relevant; (2) they are not otherwise procurable by the exercise of due diligence; (3) he cannot properly prepare without production and inspection of the items; and (4) the application was made in good faith and is not a fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). A defendant seeking a Rule 17(c) subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700.

   B.   Subpoena for Russell's Disciplinary Records

3

Monzon-Alvarado asserts that he has only one prior conviction, the second-degree assault conviction, which the Government argued is a crime of violence, that increases his advisory sentencing guidelines range. *See* ECF No. 21 ¶ 1 (sealed). Monzon-Alvarado argues that Russell's disciplinary records are relevant because his statements are the "only evidence that supports the allegation that [] Monzon-Alvarado intentionally tried to physically harm an individual." *See* ECF No. 21 ¶ 3 (sealed). He contends that Russell was the subject of a federal civil rights action "involving allegations of police brutality, false testimony, and extreme misconduct" in an incident a few weeks before Monzon-Alvarado's arrest. *Id.* at ¶ 4 (sealed). He further argues that the information sought is "highly relevant" because "the central issue" at his sentencing hearing "will be the allegation that [] Monzon-Alvarado tried to assault Officer Russell with his vehicle." ECF No. 35 ¶ 4.

The Maryland Public Information Act ("PIA") allows for the inspection of any public record. Md. Code §§ 10-611 *et seq.* of the State Government Article ("SG"). Personnel records are generally exempt from public disclosure. SG § 10-616(i). Maryland courts have held that internal affairs records related to the discipline of police officers are personnel records. *See Montgomery Cnty. Md. v. Shropshire*, 420 Md. 362, 381 (Md. 2011); *Fields v. State*, 432 Md. 650, 666 (Md. 2013). However,

4

confidential personnel records may be discoverable in a criminal trial.² The PIA is not a privilege that bars discovery of otherwise-discoverable documents. *See Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 576 (D. Md. 2010).

Russell's disciplinary personnel records are not relevant under *Nixon*. On October 1, 2013, the Fourth Circuit held in *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), that convictions under Maryland's second-degree assault statute are not -- for sentencing enhancements -- crimes of violence. Given this recent ruling, the Government conceded that Monzon-Alvarado's second-degree assault conviction is not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), and the 16-level enhancement does not apply. ECF No. 38 at 2. Accordingly, whether Monzon-Alvarado's prior conviction was a crime of violence is no longer an issue in his sentencing. The disciplinary records of the SPD officer involved in that conviction will not have a bearing on sentencing for Monzon-Alvarado's unauthorized reentry into the United States.

Further, Monzon-Alvarado may not use this information to collaterally attack his prior state conviction. "[A] federal sentencing proceeding is not ordinarily an appropriate forum in

---

² *See Robinson v. State*, 354 Md. 287, 309 (Md. 1999); *Baltimore City Police Dep't v. State*, 158 Md. App. 274, 284 (Md. Ct. Spec. App. 2004); *Shriner v. Annapolis Police Dep't*, No. ELH-11-2633, 2012 WL 959380, at *4 (D. Md. March 19, 2012).

which to challenge the validity of a prior state conviction." *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010). A defendant asserting his actual innocence of a previous state conviction must challenge his conviction through appropriate state appeal and post-conviction proceedings. *Pettiford*, 612 F.3d at 282. "A federal sentencing court cannot be expected to hold a re-trial of prior state convictions . . . " *Id*. The Supreme Court has advised against allowing collateral attacks on state convictions in federal sentencing procedures.[3] A defendant may not collaterally attack a prior conviction unless the conviction was obtained in the absence of counsel. *See United States v. Bacon*, 94 F.3d 158, 162 (4th Cir. 1996). When a prior conviction is based on a guilty plea, "the concern with finality served by the limitation on collateral attack has special force." *Custis*, 511 U.S. at 497 (*quoting United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Here, Monzon-Alvarado was represented by counsel in his prior conviction and pled guilty pursuant to a plea agreement. *See* ECF No. 38, Ex. B. Monzon-Alvarado cannot collaterally challenge his prior state

---

[3] *See Johnson v. United States*, 544 U.S. 295, 303 (2005) (defendants cannot challenge final judgments in federal sentencing court unless the collateral attack was based on the violation of the right to appointed counsel); *Daniels v. United States*, 532 U.S. 374, 381-82 (2001) (a prior conviction is presumptively valid if it has not been set aside on direct or collateral review); *Custis v. United States*, 511 U.S. 485, 496-97 (1994) (defendant cannot use his federal sentencing forum to gain review of his state convictions).

conviction during his federal sentencing proceeding; accordingly, Russell's disciplinary records are not relevant in this case.

III. Conclusion

For the reasons stated above, SPD's motion to quash the subpoena will be granted.

_11/13/13_  
Date

_/s/ William D. Quarles_  
William D. Quarles, Jr.  
United States District Judge